IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIGUEL ANGEL GONZALEZ MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, PAMELA BONDI, TODD LYONS, JASON KNIGHT, and PAUL WIMMER<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR A TRO<br><br>Case No. 2:26-cv-00117-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a petition for writ of habeas corpus filed by petitioner Miguel Angel Gonzalez Martinez. ECF No. 1. Gonzalez Martinez subsequently filed a motion for a temporary restraining order (TRO) and a preliminary injunction prohibiting Immigration and Customs Enforcement (ICE) from removing him from the United States or the jurisdiction of this court pending the resolution of his habeas petition. ECF No. 14. The petition for writ of habeas corpus and the motion for a TRO are both DENIED.

## BACKGROUND

Gonzalez Martinez is a citizen of Mexico. He told immigration officials that he entered the United States without inspection in 2000. In September 2010, Gonzalez Martinez was detained by ICE after a routine jail check. In November 2010, ICE allowed him to voluntarily depart from the United States. In August 2011, Gonzalez Martinez illegally reentered the United States by crossing the southern border with Mexico. ICE apprehended Gonzalez Martinez and began expedited

removal proceedings. He was thereafter removed pursuant to a removal order dated August 5, 2011.

Gonzalez Martinez asserts that after his expedited removal, he reentered the United States without inspection and lived continuously in this country until he was detained by ICE in early January 2026. On January 7, 2026, ICE reinstated the August 2011 order of removal.

On February 18, 2026, Gonzalez Martinez filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. He argued that because he was detained by ICE in the interior of the United States after entering without inspection, he was entitled to a bond hearing to determine whether he may be released from detention during his removal proceedings pursuant to 8 U.S.C. § 1226. The government responded that § 1226 does not apply to Gonzalez Martinez because his prior removal order has been properly reinstated. Instead, it contends that his detention without bond is required by 8 U.S.C. § 1231. After Gonzalez Martinez filed his habeas petition, he moved for a TRO and a preliminary injunction prohibiting his removal from the United States or the jurisdiction of this court pending the resolution of his habeas petition.

On February 25, 2026, the court held a hearing on the petition for writ of habeas corpus and the motion for a TRO. At the hearing, Gonzalez Martinez argued that because the government had not produced a copy of the August 2011 Form I-860 order of removal, it had not proven that the January 2026 order reinstating the order of removal was valid. Later in the hearing, the government produced a copy of the August 5, 2011 Form I-860 order of removal. Gonzalez Martinez requested time to research whether he had grounds to object to the August 2011 order of removal on due process grounds. The court ordered the parties to file any additional briefs by March 2, 2026. On this date, Gonzalez Martinez filed a brief in which he conceded that "it appears that Petitioner has no valid basis to a Writ of Habeas Corpus." ECF No. 27.

## ANALYSIS

**I.   PETITION FOR HABEAS CORPUS**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., ART. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In this case, Gonzalez Martinez concedes that his detention is not contrary to law. Because he is subject to a reinstated order of removal, 8 U.S.C. § 1231 governs his detention status. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal . . . ."). Section 1231(a)(5) states that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." This statute broadly mandates detention during the removal period. 8 U.S.C. § 1231(a)(2)(A). Accordingly, individuals subject to a reinstated order of removal are not entitled to a bond hearing. *Johnson*, 594 U.S. at 526.

Because Gonzalez Martinez does not have a right to a bond hearing, his detention is not contrary to the laws of the United States. His petition for habeas corpus is denied.

## II.  MOTION FOR A TRO AND PRELIMINARY INJUNCTION

Gonzalez Martinez moved for a TRO and a preliminary injunction prohibiting his removal from the United States or the jurisdiction of this court pending the resolution of his habeas petition. The court denies this motion as moot because the court denies the petition for habeas corpus.

### CONCLUSION AND ORDER

For the above-stated reasons, the court rules as follows:

1) The petition for writ of habeas corpus is denied.

2) The motion for a TRO and preliminary injunction is denied as moot.

3) The court dissolves its order prohibiting the deportation or transfer of the petitioner. See ECF No. 2 at 3–4.

DATED March 4, 2026.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
